IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GERARDO MIMBELA, as Personal Representative of BERNARDA MIMBELA, Deceased and<br>2. ARMANDO MIMBELA, Surviving Spouse of BERNARDA MIMBELA, Deceased,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>1. BLUESTEM BRANDS, INC., d/b/a FINGERHUT<br>2. CRAWFORD & COMPANY,<br>3. AFFINION BENEFITS GROUP, and<br>4. FEDERAL INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No.: CIV-16-00100-R |

## AMENDED COMPLAINT

COME NOW the above named Plaintiffs, Gerardo Mimbela, Personal Representative of the Estate of Bernarda Mimbela, Deceased, and Armando Mimbela, surviving spouse of Bernarda Mimbela, Deceased, and for their causes of action against Defendants, Bluestem Brands, Inc. d/b/a Fingerhut, Crawford & Company, Affinion Benefits Group, and Federal Insurance Company, state as follows:

## THE PARTIES

1.Plaintiff Gerardo Mimbela, surviving son of Bernarda Mimbela, Decedent ("Mrs. Mimbela") and the court appointed Personal Representative of Mrs. Mimbela's estate, is a resident of Oklahoma County, Oklahoma.

2.Plaintiff Armando Mimbela, surviving spouse of Mrs. Mimbela, is a resident and citizen of Kay County, Oklahoma. Mrs. Mimbela also resided and was a citizen of Kay County, Oklahoma prior to her death.

3. Defendant Bluestem Brands, Inc., d/b/a, Fingerhut ("Fingerhut") is a Delaware corporation with its headquarters and principle place of business in Minneapolis, Minnesota.

4. Defendant Crawford and Company is a Foreign Company with its headquarters and principle place of business in Atlanta, Georgia.

5. Defendant Affinion Benefits Group is a Delaware Corporation doing business in the State of Oklahoma with its headquarters and principle place of business in Franklin, Tennessee.

6. Defendant Federal Insurance Company, is an insurance company doing business in the State of Oklahoma and a foreign corporation with its headquarters and principle place of business in Warren, New Jersey.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the parties and the subject matter of this litigation.

8. Plaintiffs are citizens and residents of the State of Oklahoma.

9. Upon information and belief Defendants are foreign corporations with their principle places of business in a state other than the State of Oklahoma.

10. This is an action between citizens and corporations of different states and the amount in controversy is in excess of $75,000. Therefore this court has jurisdiction under 28 USC §1332.

11. Venue is proper under 28 USC §1391(b)(2) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## FACTS

12. Defendants Fingerhut and Affinion Benefits Group did solicit and advertise an

insurance policy to Bernarda Mimbela acting as the insurance agent on the policy ultimately issued.

13. On November 1, 2014, Defendant Federal Insurance Company issued an accidental death policy, number 99075510 (the "Policy"), to Bernarda Mimbela, with a Face Amount of $100,000.00.

14. Page 3 of the insuring agreement states "We will pay up to the applicable Benefit Amount shown in the Declarations if an Accident occurring anywhere in the world results in loss not otherwise excluded.  The Accident must result from a covered circumstance and occur while the policy is in force and while a person is a Covered Person under the policy.  The loss must occur within one (1) year of the Accident."

15. The Policy defines <u>Accident or Accidental</u> as:  "Accident or Accidental means a sudden, unforeseen, and unexpected event which happens by chance, arises from a source external to the Covered Person, is independent of illness, disease or other bodily function and is the direct cause of loss."

16. The Policy provided accidental loss of life benefits in the amount of $100,000 in the event Mrs. Mimbela suffered accidental loss of life on either a business or pleasure trip and $200,000.00 if she suffered accidental loss of life arising from and occurring while in, entering, or exiting a common carrier.

17. On January 1, 2015, Bernarda Mimbela was killed in an automobile accident.

18. At the time of Mrs. Mimbela's death, the Policy was in force.

19. Plaintiffs properly advised Defendants of Mrs. Mimbela's death and Plaintiff Armando Mimbela, as surviving spouse and beneficiary, made a claim for accidental loss of life benefits under the Policy.

20. During the handling of Plaintiff's claim, all Defendants failed to properly investigate and evaluate his claim and failed to pay the full amount of benefits owed under the Policy.

## COUNT I - BREACH OF CONTRACT

21. Plaintiffs reallege and incorporate each of the statements and allegations made in the preceding paragraphs as if set forth fully herein.

22. At the time of Mrs. Mimbela's death, the Policy issued by Defendants was in force and Plaintiff Armando Mimbela was the named beneficiary of the Policy.

23. Mrs. Mimbela died as a result of an accident covered by this Policy. Defendants breached their contract by failing to pay the full amount of benefits due to Plaintiff Armando Mimbela under the Policy.

24. The conduct of Defendants, as described above, represents a material breach of the terms and conditions of the insurance contract between the parties.

25. Plaintiffs have been damaged by virtue of this breach in amount in excess of $75,000.00.

## COUNT II - BAD FAITH

26. Plaintiffs hereby reallege and incorporate each of the statements and allegations stated above as if set forth more fully herein.

27. Defendants failed to adequately investigate and evaluate the claim.

28. Defendants failed to pay the full amount of benefits due under the Policy.

29. Defendants were required to pay the benefits due under the Policy to the named beneficiary, or to the Estate of Mrs. Mimbela if there was not a designated beneficiary.

30. Defendants breached their duty of good faith and fair dealing by unreasonably and

in bad faith, refusing to properly investigate, evaluate and pay the full amount of benefits due under the Policy.

31.  Defendants failed to deal fairly and in good faith with Plaintiffs.

32.  Defendants' breach of their duty of good faith and fair dealing was the direct cause of the injury sustained by Plaintiffs.

33.  As a further direct and proximate result of the wrongful conduct of Defendants, Plaintiffs have suffered economically, have suffered anxiety, worry, embarrassment, mental and emotional distress, and other incidental damages exceeding $75,000.00.

34.  Defendants' breach of their duty of good faith and fair dealing was willful, intentional, wanton, malicious, and evidences gross negligence and a reckless disregard for Plaintiffs' rights, entitling Plaintiffs to an award of punitive damages exceeding $75,000.00 so as to punish Defendants and deter others from engaging in such conduct.

THEREFORE, Plaintiffs respectfully pray for judgment in excess of $75,000.00 against the Defendants, together with interest, attorneys' fees, costs, and all other relief to which they are entitled.

Respectfully Submitted,

/s/ David Burrage
Brad Burgess, OBA #10226
BURGESS BURGESS BURGESS &
HIGHTOWER LAW FIRM
21 NW 44th Street, Suite 201
Lawton, Oklahoma 73505
Phone:      (580) 355-8920
Facsimile:  (580) 355-8999
brad@burgess-hightower.com


Reggie N. Whitten, OBA #9576
Randa Reeves, OBA #30695
WHITTEN BURRAGE

        1215 Classen Drive
        Oklahoma City, OK  73103
        Telephone:   (405) 516-7800
        Facsimile:  (405) 516-7859
        rwhitten@whittenburragelaw.com
        rreeves@whittenburragelaw.com

David Burrage, OBA #19422
**BURRAGE LAW FIRM**
1201 Westside Drive
P.O. Box 1727
Durant, OK  74702-1727
Telephone:  580-920-0700
Facsimile:   580-920-0702
davidburrage@burragelaw.com

**ATTORNEYS FOR THE PLAINTIFFS**

**JURY  TRIAL  DEMANDED**
**ATTORNEY  LIEN  CLAIMED**


## CERTIFICATE OF SERVICE

     I hereby certify that on March 10, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brad Burgess
brad@burgess-hightower.com

Reggie N. Whitten
rwhitten@whittenburragelaw.com

Randa K. Reeves
rreeves@whittenburragelaw.com

David Burrage
davidburrage@burragelaw.com

Heather Moore
heather.moore@faegrebd.com

Larry Ottaway
larryottaway@oklahomacounsel.com

6

Amy Fischer
amyfischer@oklahomacounsel.com

Jordyn Eckert
jordyneckert@oklahomacounsel.com

Clyde A. Muchmore
clyde.muchmore@crowedunlevy.com

Paige A. Masters
paige.masters@crowedunlevy.com

Edward Perrin, Jr.
eperrin@halletperrin.com

Jennifer Poe
jpoe@halletperrin.com

John Stiner
john@stinerlaw.com

                                                   s/ David Burrage